J-S67034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MAALIK FAULKNER | : | |
| | : | |
| Appellant | : | No. 3452 EDA 2016 |

Appeal from the PCRA Order October 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001022-2010

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED OCTOBER 19, 2017**

Appellant, Maalik Faulkner, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Appellant entered a guilty plea to two counts of robbery and one count each of third-degree murder, conspiracy, and aggravated assault on March 8, 2012.  The court sentenced Appellant on March 13, 2012, to an aggregate term of thirty (30) to sixty (60) years' imprisonment; Appellant did not file a direct appeal.  On November 10, 2015, Appellant filed his first PCRA petition *pro se*, and the court appointed counsel on May 16, 2016.  On June 26,

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*   Former Justice specially assigned to the Superior Court.

2016, PCRA counsel filed a **Turner/Finley**[2] no-merit letter and a motion to withdraw as counsel. The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing on August 18, 2016. On October 4, 2016, the PCRA court dismissed the petition and permitted PCRA counsel to withdraw. Appellant timely filed a notice of appeal on October 24, 2016. On November 10, 2016, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on December 6, 2016.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). No court has jurisdiction to review an untimely PCRA petition. **Commonwealth v. Albrecht**, 606 Pa. 64, 994 A.2d 1091 (2010). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the PCRA timeliness provisions allow for very limited circumstances under which

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). "A claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 80, 753 A.2d 780, 785 (2000).

Instantly, the court sentenced Appellant on March 13, 2012, and Appellant did not pursue direct review. Appellant's judgment of sentence became final on April 12, 2012, upon expiration of the time to file a notice of appeal with the Superior Court. ***See*** Pa.R.A.P. 903(a) (stating notice of appeal shall be filed within 30 days after entry of order from which appeal is taken). Appellant filed his first PCRA petition on November 10, 2015, more than three years after his judgment of sentence became final, so his petition is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1), (3); ***Hackett, supra***. Additionally, Appellant's PCRA petition asserts only a generic claim of ineffective assistance of counsel and neither alleges nor proves any of the three cognizable exceptions to the PCRA timeliness requirements. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Gamboa-Taylor, supra***. Accordingly, the PCRA court properly dismissed Appellant's petition as untimely. ***See Zeigler, supra***; ***Albrecht, supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2017